# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v WHITE

Docket No. 162136. Argued on application for leave to appeal December 9, 2021. Decided April 4, 2022.

Kevin White, Jr., was charged in the Livingston Circuit Court with aiding and abetting the delivery of a controlled substance in Livingston County causing death, MCL 750.317a, for allegedly selling drugs in Macomb County that later caused the fatal overdose in Livingston County. Defendant moved to dismiss the charges, arguing that under *People v McBurrows*, 504 Mich 308 (2019), venue was proper only in Macomb County. The court, Michael P. Hatty, J., denied the motion, but stayed the proceedings so that defendant could appeal the decision. After granting defendant's application for an interlocutory appeal, the Court of Appeals, MURRAY, P.J., and METER and FORT HOOD, JJ., affirmed in an unpublished per curiam opinion, holding that venue was proper in Livingston County under MCL 762.8, which allows certain felonies to be prosecuted in any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect. Defendant sought leave to appeal this decision, and the Supreme Court peremptorily reversed the Court of Appeals, holding that there was no evidence that defendant knew that the drugs would be consumed in Livingston County. 505 Mich 1022 (2020). On remand, the Court of Appeals once again affirmed the trial court in an unpublished per curiam opinion. Defendant applied for leave to appeal, and the Supreme Court ordered and heard oral argument on whether to grant the application or take other action. 507 Mich 865 (2021).

In a per curiam opinion joined by Chief Justice MCCORMACK and Justices ZAHRA, VIVIANO, CLEMENT, CAVANAGH, and WELCH, the Supreme Court, in lieu of granting leave to appeal, *held*:

The county in which the criminal act of the principal occurred is a proper venue for a criminal prosecution under an aiding and abetting theory. Under MCL 767.39, defendants may be prosecuted, indicted, and tried as if they had directly committed the offense that they are charged with aiding and abetting. In this case, the prosecution alleged that defendant sold drugs to Danielle Hannaford in Macomb County and that Hannaford then shared those drugs with Thomas Whitlow in Livingston County, where Whitlow suffered a fatal overdose. Because it would be proper to prosecute Hannaford for delivery of a controlled substance causing death in Livingston County, it was also a proper venue for prosecuting defendant in a case alleging that defendant aided and abetted Hannaford's delivery to Whitlow.

1. Under *McBurrows*, the general rule is that a criminal trial should be by a jury of the county or city where the offense was committed, and at English common law, an accomplice could be prosecuted only in the district of the accessorial acts. Because defendant's own actions occurred only in Macomb County, absent statutory modification of the common-law rule, defendant would need to be prosecuted in Macomb County. In this case, there was a statutory modification—namely, the aiding and abetting theory of prosecution set forth in MCL 767.39, which provides that every person concerned in the commission of an offense may be prosecuted, indicted, and tried as if they had directly committed the offense. Under this law, as the Supreme Court held in *People v Robinson*, 475 Mich 1 (2006), aiding and abetting is not a distinct criminal act; rather, it is a theory of prosecution that imposes vicarious criminal liability on an accomplice for the acts of the principal. To convict on an aiding and abetting theory, the prosecution must prove beyond a reasonable doubt that the defendant intended to aid the charged offense and either knew that the principal intended to commit the charged offense or, alternatively, that the charged offense was a natural and probable consequence of the commission of the intended offense. The prosecution in this case alleged that Hannaford delivered a controlled substance to Thomas Whitlow in Livingston County, which he consumed, causing his death. Therefore, the proper venue for prosecuting Hannaford for that offense would have been Livingston County. And because, under MCL 767.39, defendant could be prosecuted, indicted, and tried as if he had directly committed Hannaford's offense, Livingston County was also a proper venue for prosecuting defendant.

2. To support a prosecution under MCL 767.39, there must be probable cause to believe that the defendant procured, counseled, aided, or abetted in the commission of the offense. The Court of Appeals correctly held that defendant's argument that the record did not support a finding of probable cause would have been properly brought as a motion to quash the bindover to circuit court for lack of probable cause rather than as a challenge to venue.

3. Contrary to defendant's argument, *Robinson* does not require the prosecution to show that the defendant intended to aid the charged offense in the charged venue or that the defendant knew the principal intended to commit the charged offense in the charged venue. The text of MCL 767.39 does not require that a defendant have any knowledge of the location of the offense they aid or abet; having procured, counseled, aided, or abetted in the commission of the offense, the defendant can be prosecuted as if they had directly committed the offense, such as in the venue where the offense was directly committed.

Affirmed.

Justice BERNSTEIN, dissenting, agreed that defendant could be charged with delivery of a controlled substance causing death under an aiding and abetting theory of prosecution assuming that probable cause existed, but stated that he found it unclear why or how the aiding and abetting statute, which addresses substantive criminal liability, would lead to a specific conclusion about venue, especially when more traditionally understood exceptions to the general venue rule appear in a different chapter of the Code of Criminal Procedure. Because he did not understand MCL 767.39 to direct the outcome in this case, and because he disagreed with the Court of Appeals' conclusion that MCL 762.8 applied, he would have reversed the Court of Appeals judgment and held that Macomb County was the proper county for the prosecution of this offense under the general venue rule.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED April 4, 2022

S T A T E   O F   M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v                                  No. 162136

KEVIN WHITE, JR.,

       Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

This case asks what the correct venue is for a criminal prosecution under an aiding and abetting theory. We hold that the county in which the criminal act of the principal occurred is a proper venue, and therefore we affirm the Court of Appeals.

We note at the outset that defendant maintains that he is innocent of the crimes with which he is charged. Because no trial has yet been held, no facts have yet been found in this case. The parties both accept the testimony from the preliminary examination as the

factual basis for evaluating the venue issue presented. See *People v McBurrows*, 504 Mich 308, 311 n 1; 934 NW2d 748 (2019).

The prosecution alleges that defendant is a drug dealer from the Warren area in Macomb County. One of his customers, Kelly Whitlow, met a man named Craig Betke via a website. In October 2017, Whitlow moved in with Betke at his home in Livingston County, accompanied by her son, Thomas Whitlow, and a friend of Kelly's, Danielle Hannaford. Within days of moving, Kelly Whitlow advised Betke that she was "dope sick" and wanted some "boy" and "girl"—slang for particular drugs. She arranged to meet defendant at a gas station in Warren. The four—Betke, Hannaford, and Kelly and Thomas Whitlow—drove down to make the purchase. At the gas station, Hannaford walked from Betke's vehicle over to defendant's to make the purchase. The four then returned to Betke's home in Howell. Hannaford, Kelly Whitlow, and Thomas Whitlow then consumed the drugs. At one point, Thomas went into a bathroom, but when he had been in there a suspiciously long time, he was checked on and found dead. The medical examiner later ruled that he had died of a cocaine and fentanyl overdose.

The Livingston County Prosecutor charged defendant with delivery of a controlled substance causing death. MCL 750.317a. In *McBurrows*, 504 Mich at 317-318, this Court held that, absent an applicable statutory exception, a crime must be prosecuted in the county in which the crime occurs and that the proper venue for prosecuting a violation of MCL 750.317a is the county in which the delivery occurs, not the county in which the death occurs. Here, it is not alleged that defendant directly delivered anything to the decedent; instead, the prosecution alleges that defendant aided and abetted Hannaford's delivery of the drugs to the decedent. See MCL 767.39. After the matter was bound over

2

to circuit court, defendant moved to dismiss on the ground of improper venue. The court denied the motion, but stayed proceedings for defendant to appeal the decision.

The Court of Appeals granted defendant's application for an interlocutory appeal, but ultimately affirmed the trial court's decision to deny the motion to dismiss. *People v White*, unpublished per curiam opinion of the Court of Appeals, issued September 12, 2019 (Docket No. 346661). The panel held that prosecuting defendant in Livingston County was proper under MCL 762.8, which allows a felony that is "the culmination of 2 or more acts done in the perpetration of that felony" to "be prosecuted in . . . any county that the defendant intended the felony or acts done in perpetration of the felony to have an effect." The panel concluded that "[d]efendant sold the substances with the understanding that they would be consumed and with knowledge of where that would happen." *White*, unpub op at 3. Because it held that venue in Livingston County was proper under MCL 762.8, the panel declined to address the prosecution's argument "that *McBurrows* does not apply to cases premised on aiding and abetting . . . ." *Id*. at 4.

Defendant challenged the Court of Appeals' decision in this Court. We peremptorily reversed its decision that MCL 762.8 is an adequate basis for establishing venue in this case in Livingston County. We held that there was no record evidence that defendant was aware that Kelly Whitlow had relocated to reside with Betke at his home in Livingston County. As a result, we held that "there is no record evidence that the defendant knew that the person to whom he delivered the controlled substance had moved from Macomb County to Livingston County and that the controlled substance would be consumed in Livingston County." *People v White*, 505 Mich 1022, 1023 (2020). We

remanded the case to the Court of Appeals for it to assess the argument that it had previously declined to reach.

On remand, the Court of Appeals once again affirmed the trial court in an unpublished opinion. *People v White*, unpublished per curiam opinion of the Court of Appeals, issued September 3, 2020 (Docket No. 346661). The panel performed a careful, thorough, and accurate review of our decision in *McBurrows*. It noted that, under *McBurrows*, the proper county in which to prosecute defendant for his delivery of drugs to Hannaford would be Macomb County. However, it correctly observed that "[t]he question in this case is whether, by aiding and abetting a delivery of narcotics that took place in Livingston County, defendant may be charged in Livingston County despite the fact that none of his acts took place in Livingston County." The panel analogized the facts of this case to those in *People v Markey*, unpublished per curiam opinion of the Court of Appeals, issued March 15, 2007 (Docket No. 264005), to once again hold that the prosecution in Livingston County was proper. Defendant sought leave to appeal this decision to us, and we ordered argument on his application. *People v White*, 507 Mich 865 (2021).

The general rule is that "[a] criminal 'trial should be by a jury of the county or city where the offense was committed.' " *McBurrows*, 504 Mich at 313 (citation omitted). Defendant's own actions occurred only in Macomb County. "At English common law, an accomplice could be prosecuted only in the district of his accessorial acts." LaFave et al, Criminal Procedure (4th ed), § 16.2(g), p 868. As a result, absent statutory modification, defendant would need to be prosecuted in Macomb County. Here, that statutory modification is the aiding and abetting theory of prosecution. The statute provides that "[e]very person concerned in the commission of an offense, whether he directly commits

4

the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." MCL 767.39. Under this law, aiding and abetting is not a distinct criminal act; rather, it is a theory of prosecution that imposes vicarious criminal liability on an accomplice for the acts of the principal. See *People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006) ("Unlike conspiracy and felony murder, which also allow the state to punish a person for the acts of another, aiding and abetting is not a separate substantive offense. Rather, 'being an aider and abettor is simply a theory of prosecution' that permits the imposition of vicarious liability for accomplices.") (citation omitted). To convict on an aiding and abetting theory, "the prosecutor must prove beyond a reasonable doubt . . . that the defendant intended to aid the charged offense" and either that the defendant "knew the principal intended to commit the charged offense, or, alternatively, that the charged offense was a natural and probable consequence of the commission of the intended offense." *Id*. at 15.

The Court of Appeals correctly held that venue for this prosecution is proper in Livingston County. In lieu of analogizing to an unpublished Court of Appeals opinion, however, we believe that the analysis should begin with the text of the aiding and abetting statute, MCL 767.39. It provides that defendant can "be prosecuted, indicted, [and] tried . . . as if he had directly committed" Hannaford's offense. A central reason for treating aiding and abetting as a theory of prosecution rather than a distinct criminal act is that it allows an accomplice to be "treated as a principal and prosecuted in the place of the commission of the substantive offense." LaFave, § 16.2(g), pp 868-869. After applying the venue rules to the principal to establish a proper venue, MCL 767.39 then allows the

5

accomplice to be prosecuted in the same venue. Here, the prosecution alleges that Hannaford delivered a controlled substance to Thomas Whitlow in Livingston County which he consumed, causing his death. Therefore, it would be proper to prosecute Hannaford for that offense in Livingston County. See *McBurrows*, 504 Mich at 317-318. And because defendant can "be prosecuted, indicted, [and] tried . . . as if he had directly committed" Hannaford's offense, Livingston County is also a proper venue for prosecuting defendant.

It is important to note that our conclusion goes no further than to say that, when accepting as true the allegations against defendant, venue is proper in Livingston County. Of course, to be prosecuted under MCL 767.39, there must be probable cause to believe that defendant "procure[d], counsel[ed], aid[ed], or abet[ted] in [the] commission" of Hannaford's offense, see *People v Plunkett*, 485 Mich 50, 61; 780 NW2d 280 (2010), and he disputes whether the record supports such a finding. The Court of Appeals correctly held that this is properly challenged as a motion to quash the bindover to circuit court for lack of probable cause, rather than a challenge to venue. Defendant also argues, without citation to authority, that knowledge of the location of the principal offense is an aspect of what the prosecution must prove under *Robinson*; thus, he rephrases *Robinson* as holding that the prosecution must show that the defendant intended to aid the charged offense *in the charged venue*, or that the defendant knew the principal intended to commit the charged offense *in the charged venue*. But this is not a requirement for being charged under this theory. The text of MCL 767.39 does not require that a defendant have any knowledge of the *location* of the offense he aids or abets; having "procure[d], counsel[ed], aid[ed], or abet[ted] in [the] commission" of the offense, the defendant can be prosecuted "as if he

6

had directly committed such offense," such as in the venue where the offense was "directly committed."

The Court of Appeals was correct to hold that venue for this prosecution is properly laid in Livingston County. It is alleged that Danielle Hannaford delivered a controlled substance to Thomas Whitlow in Livingston County which caused Thomas's death, making Livingston a proper venue for that prosecution. Because defendant is being charged with having aided and abetted Hannaford's delivery, under MCL 767.39 he may "be prosecuted, indicted, [and] tried . . . as if he had directly committed such offense," meaning that if Livingston is a proper venue for prosecuting Hannaford, it is also a proper venue for prosecuting defendant. To the extent that defendant challenges whether there was probable cause to support the bindover to circuit court on this theory of prosecution, the Court of Appeals was correct to hold that this is properly presented as a motion to quash in the circuit court. The judgment of the Court of Appeals is therefore affirmed.

> Bridget M. McCormack
> Brian K. Zahra
> David F. Viviano
> Elizabeth T. Clement
> Megan K. Cavanagh
> Elizabeth M. Welch

7

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                      No. 162136

KEVIN WHITE, JR.,

      Defendant-Appellant.

BERNSTEIN, J. (*dissenting*).

In this case, defendant was charged with delivery of a controlled substance causing death in Livingston County. MCL 750.317a. Specifically, defendant was charged as an aider and abettor to a delivery that happened between two other individuals in Livingston County. Defendant was not present for the delivery in Livingston County—his actions in this case were limited to Macomb County. We must now determine where venue is appropriate.

Defendant argues that Livingston County is an improper venue. The lower courts held that defendant knew that his actions would have an effect in Livingston County and that venue was thus proper under MCL 762.8. We disagreed, finding that "there is no record evidence that the defendant knew that the person to whom he delivered the controlled substance had moved from Macomb County to Livingston County and that the controlled substance would be consumed in Livingston County." *People v White*, 505 Mich 1022, 1023 (2020). Following a remand to the Court of Appeals, which once again affirmed the trial court's determination that Livingston County was the proper venue under

MCL 762.8, the case came back to this Court for us to consider what impact being charged as an aider and abettor has on the general rules of venue.

"The general venue rule is that defendants should be tried in the county where the crime was committed." *People v Houthoofd*, 487 Mich 568, 579; 790 NW2d 315 (2010). As the majority acknowledges, given that defendant's own acts took place solely in Macomb County, applying the general venue rule would lead to the conclusion that defendant should be tried in Macomb County. However, our Legislature has codified several exceptions to this general rule. Here, the Court of Appeals relied on MCL 762.8 to justify a finding of venue in Livingston County. The majority does not rely on this exception; instead, the majority refers to the general aiding and abetting theory of prosecution, which states that "[e]very person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." MCL 767.39.

I agree with the majority that, assuming probable cause, defendant can be charged with delivery of a controlled substance causing death under an aiding and abetting theory of prosecution.[1] The caselaw is clear on how aiding and abetting works with respect to substantive criminal liability. But I am not convinced that it then follows that defendant can be charged with this offense in *Livingston County*. It is not entirely clear to me why and how the aiding and abetting statute leads to a specific conclusion about venue, especially when more traditionally understood exceptions to the general venue rule appear

---

[1] I also agree with the majority that this conclusion says nothing as to whether the record supports a finding that defendant actually did aid and abet the later delivery.

in a different chapter of the Code of Criminal Procedure. See MCL 762.5 and MCL 762.8. Is it because MCL 767.39 speaks in terms of being "prosecuted" and "tried" in a manner similar to a principal? Is it because "as if he had directly committed such offense" modifies the entire list of words, and not just the phrase "shall be punished"? The majority does not explain. Although the majority rightfully points out that defendant also does not explain why "in the charged venue" should be read into the text of MCL 767.39, absent a more detailed explanation, I do not understand why the majority's reading of MCL 767.39 is necessarily correct. It would appear to me that a statute concerning substantive criminal liability, like the aiding and abetting statute, does not necessarily answer questions about venue, as the two concepts are distinct and address distinct concerns.

Because I do not understand MCL 767.39 to direct our conclusion here, and because I disagree with the Court of Appeals' conclusion that MCL 762.8 applied, see *People v McBurrows*, 504 Mich 308, 327-328; 934 NW2d 748 (2019), I would reverse the judgment of the Court of Appeals and hold that Macomb County is the proper county for the prosecution of this offense under the general venue rule.

Richard H. Bernstein

3